UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 0 3 2003

FILED-ED5
03 OCT -2 PM 4:37
CLERK
U.S. DISTRICT COURT

ERIC KITTLER,

Plaintiff,

v.

CITY OF CHICAGO, DETECTIVE STEVEN BUGLIO, DETECTIVE WAYNE BUNCH, DETECTIVE JUDY CASTELLANOS, DETECTIVE THOMAS COUGHLIN, DETECTIVE STEVEN KONOW, SERGEANT SERGIO RAJKOVICH, DETECTIVE THURMAN ROYSTER, DETECTIVE F/N/U ROLSTON, FOUR UNKNOWN CHICAGO POLICE EMPLOYEES, and ASSISTANT COOK COUNTY STATES ATTORNEY KENT SINSON in his individual capacity,

Defendants.

03C 6992

JUDGE DER-YEGHIAYAN

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

**COMPLAINT**

Plaintiff Eric Kittler, by and through his attorneys LOEVY & LOEVY, for his complaint herein against City of Chicago ("CDP" or "Department), Detective Steven Buglio, Detective Wayne Bunch, Detective Judy Castellanos, Detective Thomas Coughlin, Detective Steven Konow, Sergeant Sergio Rajkovich, Detective Thurman Royster, Detective F/N/U Rolston, Four Unknown Chicago Police Employees, and Assistant Cook County States Attorney Kent Sinson (collectively "Defendants"), states as follows:

**Introduction**

1. This is an action pursuant to 42 U.S.C. Section 1983 to seek redress for the violation of Plaintiff's rights as secured under the United States Constitution.

2. This case concerns illegal and coercive tactics which are commonly in use in the Chicago Police Department and which routinely result in false and involuntary confession. In this case, Defendants took Plaintiff from his home without probable cause or an arrest warrant, isolated him from his mother and the outside world, deprived him of sleep and interrogated him for twelve hours. At the time, Plaintiff was only 15 years-old and had never been arrested nor had any problems with the law. At five o'clock in the morning, Plaintiff finally succumbed to the Defendants' illegal tactics and involuntarily signed a false confession that he was involved in a murder. As a result, and based solely on this falsified evidence, Plaintiff spent the next five years of his adolescence behind bars, in maximum security facilities, mixed in with the adult population.

3. The Illinois Court of Appeals has already determined that the Defendant Officers used illegal and unconstitutional tactics to obtain the confession, and a trial court on remand found that there was no credible evidence to link Plaintiff to the crime.

4. The tragedy that befell Plaintiff is repeated again and again in the Chicago Police Department. The City of Chicago deliberately abides a culture of coercion in the Chicago Police Department which permits the use of torture, threats and chicanery to obtain unlawful confessions, and this culture was the moving force behind the violations of Plaintiff's rights.

5. For years there has been mounting evidence of this culture in which a number of Chicago Police Officers routinely choose to close investigations by obtaining false confessions from innocents, whom they arrest on little if any grounds, rather than do the difficult police work of locating and building a case against the true perpetrators. These Officers know that many of their fellow officers will look the other way when they use these tactics and that even if their conduct later comes to the attention of CPD officials, they will not be disciplined. Rather, so long as a confession is obtained, the Department will presume that the suspect was guilty and that the officers acted properly in obtaining that confession.

6. While certainly not all Chicago Police Officers conduct themselves in this manner, there is ample evidence of a serious problem inside the Chicago Police Department of officers fabricating cases. The City of Chicago has been aware of this evidence, but it fails, year after year, to intervene and eradicate this injustice.

7. Prosecutors, who can and should serve as a bulwark against these abuses, sometimes become complicit. Assistant Cook County States Attorney Kent Sinson is guilty of such conspiracy. Mr. Sinson was the "felony review" attorney with responsibility for evaluating whether Plaintiff would be charged with the crime. Assistant State's Attorneys ("ASAs") performing felony review advise the police about the minimum evidence necessary to obtain charges and, where there is insufficient other evidence to tie the arrestee to the crime, require a confession before charges will be approved. Often ASAs become aware that the suspect is denying involvement and some look the other way until the police finally coerce a confession.

8. In this case, Mr. Sinson witnessed certain of the Defendant Officers' illegal tactics, was aware that Plaintiff denied involvement in the crime, and, nevertheless, knowingly participated in the creation of a false written statement "railroading" the Plaintiff on false murder charges.

9. Plaintiff brings this action seeking compensatory damages to remedy his injuries as well as a judgment that will encourage the City of Chicago to address its coercion problem. Plaintiff also seeks punitive damages against each individual Defendant in an amount not less than each Defendant's publicly-paid salary and benefits during the five-years that they allowed Plaintiff to be falsely imprisoned.

**Jurisdiction and Venue**

10. This Court has jurisdiction of the action pursuant to 28 U.S.C. Section 1331. Venue is proper under 28 U.S.C. Section 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

**The Parties**

11. At the time when the events giving rise to this case occurred, Plaintiff was 15 years-old and a student in the ninth grade at Gage Park High School. Plaintiff had never been arrested nor had any trouble with the law, and, to this day, Plaintiff has never been arrested, nor had any trouble with the law other than the unlawful arrest and imprisonment complained of herein.

12. Presently, Plaintiff is 22 years old and is employed as an account representative with a financial services company.

13. Defendant Kent Sinson was, at the time of these events, an employee of the Cook County State's Attorney's Office and is believed to be a resident of this judicial district. It is unknown whether Mr. Sinson remains in the employ of the Cook County State's Attorney. Mr. Sinson may have left, or have been forced out after the press publicized facts indicating that he had participated in suborning perjury and suppressing evidence to

obtain a false conviction in other cases.

14. The other individual Defendants are all employees of the Chicago Police department or were employees at the time of the event in this case.

**The Unlawful Arrest**

15. On or about March 9, 1997 a small grocery store located at 2624 West 59th Street in Chicago, Illinois was robbed by two or three armed men wearing masks. One of the proprietors was killed during the robbery.

16. At some point during the following week, two persons identifying themselves as Chicago Police Department Detectives came to Plaintiff's home. Plaintiff's Grandmother, Betty Kittler, answered the door. The two Detectives asked to speak to a person named Eric Orr, whom they described as an adult black male.

17. Ms. Kittler stated that there was no person living there by that name. She told them that the only Eric at the house was her grandson, Eric Kittler. The Detectives asked to speak to Plaintiff and Ms. Kittler explained that he was a ninth grader and was attending school that time of day.

18. The Detectives then asked Ms. Kittler for a physical description of Eric Kittler and she provided a description. The Detectives also asked Ms. Kittler if they could have permission to search the house. This permission was denied.

19. On information and belief, at that time, there was an adult black male by the name of Eric Orr living elsewhere in the Kittler's neighborhood.

20. Several weeks later, at about 5:45 p.m. on March 27, 1997, two Detectives, believed to be Defendants Bunch and Konow, acting at the direction of Defendant Rajkovich, came to Plaintiff's house and arrested him without a warrant or probable cause. Specifically, when Plaintiff answered the door the Detectives asked him his name and then ordered him to step outside. Plaintiff complied and then the Detectives ordered him to proceed to their car.

21. On information and belief, prior to that time, the CPD had arrested a suspect in the murder named Thomas Harvey.

22. At the time Defendants arrested Plaintiff they had no physical evidence linking him to the crime (and none was ever developed). The only information the police possessed suggesting Plaintiff had committed a crime was a completely unreliable so-called "tip" from a man named Thomas Hardy. According to testimony by various of the Defendant Officers, Mr. Harvey gave police no less than three different versions of his whereabouts during the robbery, failed a lie detector test, and then stated that he had been lying. According to the Defendants, one of the versions implicated Plaintiff in the robbery.

23. An Illinois Appellate Court has already determined that this purported tip was entirely unreliable and insufficient grounds to arrest the Plaintiff.

24. Defendants Bunch and Konow transported Plaintiff to the police station at 51st Street and Wentworth Avenue in Chicago, Illinois and placed him in an interrogation room. Defendants left him alone in the room for several hours.

**The "Interrogation"**

25. During the course of the rest of the evening and continuing until approximately 5 a.m. the following morning, various detectives, believed to be Defendants Buglio, Castellanos, Coughlin, Royster and four unknown Chicago employees, interrogated Plaintiff.

26. Plaintiff was deprived of food and was kept awake until he succumbed and signed the false confession at 5 a.m. the next day. At various times during this twelve-hour ordeal, Detectives Buglio, Castellanos, Coughlin, and an unknown officer, in the presence of Royster and other unknown officers, accused Plaintiff of committing the robbery/murder. As the Plaintiff maintained his innocence, these Defendants began screaming at Plaintiff and accusing him of being a liar. Although they did not subject him to actual violence, Defendants Buglio and Coughlin would further menace Plaintiff in a threatening fashion while screaming at him.

27. In the early evening, Plaintiff's mother, Vernel Kittler, came to the police station looking for her son. Though proper police practice is to allow a minor's parents to be present during any interrogation of the minor, Ms. Kittler was told that she could not see her son until the police were finished with him. As explained below, the Officers kept Ms. Kittler separated from her son until approximately 5 a.m., after he had succumbed to their coercive tactics.

28. Late that evening or early the following morning, Plaintiff was transferred to a "line-up room" and eventually questioned by Defendant ASA Kent Sinson.

29. ASA Sinson informed Plaintiff that the Defendant Detectives told Sinson that Plaintiff had confessed to the murder. Plaintiff protested that he had not. Sinson then told Plaintiff the statements that the Detectives purportedly attributed to Plaintiff, and Plaintiff told Sinson that he had not said those things. Sinson became frustrated and screamed at Plaintiff for "sticking to his story," but Plaintiff continued to protest his innocence. Sinson eventually left the room.

30. Shortly thereafter, Sinson returned with Defendant Castellanos and one of the unknown Defendants. Castellanos proceeded to scream at Plaintiff while dictating facts to Sinson to write down as the statements Plaintiff has supposedly already made. In the course of this, Castellanos screamed that Plaintiff

was "never going to see his home again" if he did not sign the statement, and that if he did the police could "help him out". Sinson told Plaintiff that if would sign the statement he could end the interrogation and go home that day.

31. At approximately 5 a.m., Plaintiff finally agreed to sign the statement falsely implicating himself so that he could return home. At that point, Castellanos and Sinson brought Plaintiff's mother and several other unknown Defendants into the line-up room with Plaintiff. Defendants placed a can of soda and a bag of potato chips in front of Plaintiff and had Plaintiff sign the statement. Plaintiff's mother refused to sign the statement.

32. Unbeknownst to Plaintiff, a picture was taken of him with his mother and the soda and food by an unknown Defendant through a surveillance mirror installed in the line-up room for witness identifications during line-ups. The purpose of that picture was to fabricate evidence supposedly bolstering the reliability of the confession and to falsely prove that Plaintiff had been well treated and was confessing voluntarily in the company of his mother. The picture was offered at Plaintiff's criminal trial for that purpose.

33. After Plaintiff signed the statement and the picture was taken, charges were initiated and Plaintiff was prosecuted for the murder.

**Plaintiff's Murder Conviction**

34. The only evidence offered at trial to tie Plaintiff to the crime was the false confession evidence. Based on the false confession, Plaintiff was convicted of first degree murder.

35. On March 24, 2001, the Illinois Court of Appeals overturned Plaintiff's conviction and remanded the case. The Illinois Supreme Court denied leave to appeal that decision on October 3, 2001.

36. Plaintiff was finally acquitted in March of 2002, just months before his 21st birthday.

37. Plaintiff has suffered grievously from this experience. Plaintiff, who had never even been arrested before, was forced to spend from age 15 to almost age 21 behind bars and was treated as a murderer. These were important and formulative years in Plaintiff's adolescence. During those years Plaintiff was placed in several maximum security facilities for perpetrators of violent crimes and was housed with the adult population. The impact of that experience on him has been painful and profound.

**COUNT I: 42 U.S.C. Section 1983 - Unlawful Arrest/Detention**

38. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

39. By all of the above, Plaintiff was unlawfully

arrested and detained and subjected to unlawful conditions of confinement in violation of the United States Constitution and has suffered actual and special damages including, *inter alia*, severe emotional distress and loss of liberty as a direct and proximate result.

40. By all of the above, Defendants Bunch, Konow, and Rajkovich, caused Plaintiff to be unlawfully arrested. These Defendants as well as Defendants Buglio, Castellanos, Coughlin, Rolston, Royster and the Four Unknown Chicago Police Employees, further detained and conspired to detain Plaintiff unlawfully and subjected him to unlawful conditions of confinement. All of the officers were acting under color of law and within the scope of their employment. They are liable to Plaintiff for all resulting damages together with punitive damages, costs and attorneys fees.

41. Defendant City of Chicago, acting through its policies and practices and showing deliberate indifference to the prior misconduct of the individual Defendants and other employee officers and the need for training, was a moving force behind these injuries. Defendant City of Chicago is liable to Plaintiff for all resulting damages together with costs and attorneys fees. Defendant City of Chicago is also liable for all resulting damages pursuant to Illinois law.

WHEREFORE, Plaintiff, Eric Kittler respectfully requests that the Court enter judgment in his favor and against Defendants City of Chicago, Detective Steven Buglio, Detective Wayne Bunch, Detective Judy Castellanos, Detective Thomas Coughlin, Detective Steven Konow, Sergeant Sergio Rajkovich, Detective Thurman Royster, Detective F/N/U Rolston, and Four Unknown Chicago Police Employees, awarding compensatory damages against all defendants, and punitive damages against the individual defendants, as well as costs, attorneys fees and any other relief this Court deems just and appropriate under the circumstances.

**COUNT II: 42 U.S.C. Section 1983 - Coerced Confession**

42. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

43. By all of the above, Plaintiff was coerced to give a false confession in violation of his rights under the United States Constitution and has suffered actual and special damages including, *inter alia*, severe emotional distress and loss of liberty as a direct and proximate result.

44. By all of the above, Defendants Buglio, Castellanos, Coughlin, Rolston, Royster, and Assistant Cook County States Attorney Kent Sinson, acting under color of law and within the scope of their respective employments, violated, and through conspiracy caused the violation of, Plaintiff's

constitutional rights. These Defendants are liable for all resulting damages together with punitive damages, costs and attorneys fees.

45. Defendant City of Chicago, acting through its policies and practices and showing deliberate indifference to the prior similar misconduct and the need for training of the individual Defendants and other employee officers, was a moving force behind these injuries. Defendant City of Chicago is liable to Plaintiff for all resulting damages together with costs and attorneys fees. Defendant City of Chicago is also liable for all resulting damages pursuant to Illinois law.

WHEREFORE, Plaintiff, Eric Kittler respectfully requests that the Court enter judgment in his favor and against Defendants City of Chicago, Detective Steven Buglio, Detective Wayne Bunch, Detective Judy Castellanos, Detective Thomas Coughlin, Detective Steven Konow, Sergeant Sergio Rajkovich, Detective Thurman Royster, Detective F/N/U Rolston, and Four Unknown Chicago Police Employees, awarding compensatory damages against all defendants, and penalties and punitive damages against the individual defendants, as well as costs, attorneys fees and any other relief this Court deems just and appropriate under the circumstances.

**COUNT III: 42 U.S.C. Section 1983 - Denial Of Fair Trial**

46. Plaintiff incorporates the foregoing paragraphs as

though fully set forth herein.

47. By all of the above, Plaintiff was deprived of a fair trial in violation of his rights under the United States Constitution and has suffered actual and special damages including, *inter alia*, severe emotional distress and loss of liberty as a direct and proximate result.

48. Defendants Buglio, Castellanos, Coughlin, Rolston, Royster, and Assistant Cook County States Attorney Kent Sinson, acting under color of law and within the scope of their respective employments, violated, and through conspiracy caused the violation of, Plaintiff's constitutional through the creation of false evidence intended to be used at trial to obtain an unjust conviction. Such evidence was used at Plaintiff's criminal trial and resulted in his false conviction. These Defendants are liable for all resulting damages together with punitive damages, costs and attorneys fees.

49. Defendant City of Chicago, acting through its policies and practices and showing deliberate indifference to the prior similar misconduct and the need for training of the individual Defendants and other employee officers, was a moving force behind these injuries. Defendant City of Chicago is liable to Plaintiff for all resulting damages together with costs and attorneys fees. Defendant City of Chicago is also liable for all resulting damages pursuant to Illinois law.

WHEREFORE, Plaintiff, Eric Kittler respectfully requests that the Court enter judgment in his favor and against Defendants City of Chicago, Detective Steven Buglio, Detective Wayne Bunch, Detective Judy Castellanos, Detective Thomas Coughlin, Detective Steven Konow, Sergeant Sergio Rajkovich, Detective Thurman Royster, Detective F/N/U Rolston, and Four Unknown Chicago Police Employees, awarding compensatory damages against all defendants, and penalties and punitive damages against the individual defendants, as well as costs, attorneys fees and any other relief this Court deems just and appropriate under the circumstances.

**Jury Demand**

Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted,

Attorneys for Plaintiffs

Arthur Loevy
Michael Kanovitz
Jon Loevy
Jon Rosenblatt
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, Illinois 60607
(312) 243-5900



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s): Eric Kittler**

County of Residence: Cook

Plaintiff's Atty: Loevy & Loevy
312 N. May St., Suite 100
Chicago, IL 60607
(312) 243-5900

**Defendant(s): City of Chicago, Det. Steven Buglio, Det. Wayne Bunch, Det. Judy Castellanos, Det. Thomas Coughlin, Det. Steven Konow, Sergeant Sergio Rajkovich, Det. Thurman Royster, Det. F/N/U Rolston, four unknown Chicago Police employees, and Assistant Cook County States Attorney Kent Sinson in his individual capacity**

County of Residence:

Defendant's Atty:

03C 6992

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

JUDGE DER-YEGHIAYAN

III. Citizenship of Principal Parties
**(Diversity Cases Only)**
Plaintiff: - **N/A**
Defendant: - **N/A**

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

DOCKETED
OCT 03 2003

IV. Origin: **1. Original Proceeding**

V. Nature of Suit: **440 Other Civil Rights**

VI. Cause of Action: **42 U.S.C. Section 1983**

VII. Requested in Complaint
Class Action:
Dollar Demand:
Jury Demand: **Yes**

VIII. This case IS NOT a refiling of a previously dismissed case.

FILED-ED5
03 OCT -2 PM 4:37
CLERK
U.S. DISTRICT COURT

**Signature:** [signature]

**Date:** 10/2/03

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

In the Matter of

Eric Kittler
v.
City of Chicago, et al.

Case Number: 03C 6992

JUDGE DER-YEGHIAYAN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff, Eric Kittler

MAGISTRATE JUDGE GERALDINE SOAT BROWN

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE [signature] | | SIGNATURE [signature] | |
| NAME Jon Loevy | | NAME Arthur Loevy | |
| FIRM Loevy & Loevy | | FIRM Loevy & Loevy | |
| STREET ADDRESS 312 N. May St., Suite 100 | | STREET ADDRESS Same | |
| CITY/STATE/ZIP Chicago, IL 60607 | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER (312) 243-5900 | FAX NUMBER (312) 243-5902 | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 02618254 | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 1682479 | |
| MEMBER OF TRIAL BAR? | YES ☑ NO ☐ | MEMBER OF TRIAL BAR? | YES ☑ NO ☐ |
| TRIAL ATTORNEY? | YES ☑ NO ☐ | TRIAL ATTORNEY? | YES ☐ NO ☑ |
| | | DESIGNATED AS LOCAL COUNSEL? | YES ☑ NO ☐ |

DOCKETED
OCT 0 3 2003

| (C) | | (D) | |
|---|---|---|---|
| SIGNATURE [signature] | | SIGNATURE [signature] | |
| NAME Mike Kanovitz | | NAME Jon Rosenblatt | |
| FIRM Loevy & Loevy | | FIRM Loevy & Loevy | |
| STREET ADDRESS Same | | STREET ADDRESS Same | |
| CITY/STATE/ZIP | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER | FAX NUMBER | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? | YES ☑ NO ☐ | MEMBER OF TRIAL BAR? | YES ☑ NO ☐ |
| TRIAL ATTORNEY? | YES ☑ NO ☐ | TRIAL ATTORNEY? | YES ☐ NO ☑ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☑ NO ☐ | DESIGNATED AS LOCAL COUNSEL? | YES ☑ NO ☐ |

FILED-ED5
03 OCT -2 PM 4: 37
CLERK
U.S. DISTRICT COURT

12