United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 6992 | DATE | 7/26/2004 |
| CASE TITLE | Kittler vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the defendants' motions to dismiss [13-1] and [18-1] are granted in part and denied in part. All previously set dates are to stand. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 27 2004 date docketed | |
| | Notified counsel by telephone. | | | 49 |
| ✓ | Docketing to mail notices. The parties picked up Memorandum Opinion from Judge's staff. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 2004 JUL 27 AM 8:06 | date mailed notice | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ERIC KITTLER,             )
                          )
       Plaintiff,    )
                          )
v.                        )   No. 03 C 6992
                          )
CITY OF CHICAGO, et al.,  )
                          )
       Defendants.   )

DOCKETED
JUL 2 7 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on a motion to dismiss brought by Defendants City of Chicago, Detective Waynes Bunch ("Bunch"), Detective Judy Castellanos ("Castellanos"), Detective Steven Konow ("Konow"), Sergeant Sergio Rajkovich ("Rajkovich"), and Detective Thurman Royster ("Royster") (collectively "City Defendants"). This matter is also before the court on Defendant Kent Sinson's ("Sinson") motion to dismiss. For the reasons stated below, we grant the motions in part and deny the motions in part.

## BACKGROUND

Plaintiff Eric Kittler ("Kittler") was arrested at approximately 5:45 p.m. on March

1

27, 1997, in connection with an armed robbery and murder. Kittler was fifteen years old at the time of the arrest. Kittler claims that he was taken to the police station and placed in an interrogation room for approximately twelve hours. During that time, Plaintiff alleges that various City Defendants continuously interrogated him and that he was deprived of sleep and food. According to Kittler, the City Defendants screamed at him and threatened him with physical harm during the interrogation, and attempted to intimidate him to get him to make a confession. Kittler also claims that he was denied access to his mother who was at the station attempting to see him. Kittler claims that all of the above actions by the City Defendants was part of a conspiracy to get Kittler to confess. Kittler alleges that Assistant State's Attorney Sinson joined in the interrogations in the late evening hours. In the early morning hours of March 28, 2001, Kittler signed a statement prepared by Sinson, implicating Kittler in the murder of Abdel Khalil ("Khalil"). Kittler also alleges that Defendants brought in his mother only when he was about to sign the statement, and that at that time, Defendants placed a can of soda and a bag of potato chips in front of him. Kittler claims that Defendants photographed Kittler and his mother with the food through a surveillance mirror in the interrogation room and later used that photograph during the criminal proceedings to mislead the jury into concluding that Defendants treated him well during the interrogation.

Kittler was prosecuted and convicted of first-degree murder. On March 24, 2001, Kittler's conviction was overturned on appeal and the case was remanded. The basis

for the reversal was that the Appellate Court found no probable cause for Kittler's arrest. Kittler was retried and acquitted in March of 2002. On October 2, 2003, Kittler filed a three-count complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging an unlawful arrest and detention claim (Count I), a coerced confession claim (Count II), and denial of a fair trial claim (Count III). Kittler also alleges a *Monell* claim against the City of Chicago ("the City").

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the

claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim,"*Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

### I. Statute of Limitations

The City Defendants and Sinson argue that Kittler's claims are time-barred by the statute of limitations. The City Defendants withdrew their time-bar argument for the motion to dismiss on the basis that the time of accrual is not apparent from the allegations in the complaint. The City indicated that they may present the argument at a later stage in these proceedings. However, Sinson persisted in his argument that Kittler's claims are time-barred. Kittler and Sinson agree that a two year statute of limitations applies to Kittler's Section 1983 claim. *See Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998)(stating that two year statute of limitations for Illinois personal injury claims is applied for Section 1983 claims in Illinois). The disagreement arises concerning when Kittler's claims accrued. Sinson argues that the complaint is untimely because the complaint was filed on October 2, 2003, and the Illinois Appellate court reversed Kittler's conviction on March 24, 2001. Kittler

4

argues that the Illinois Appellate court merely reversed his conviction and remanded his case for a new trial. Kittler argues that his claims did not accrue until Kittler was acquitted of the criminal charges in March of 2002.

A plaintiff's Section 1983 claim "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). Thus, a plaintiff convicted of a crime in state court cannot file a Section 1983 claim "that if vindicated would undermine" the state conviction "until the conviction is nullified, even if the claimant is not seeking to get the conviction set aside." *Gauger v. Hendle*, 349 F.3d 354, 360-61 (7th Cir. 2003). The Seventh Circuit has held that "since a false arrest is not a defense to criminal charges, . . . determining that an arrest violated the Fourth Amendment does not undermine the defendant's conviction and therefore the claim arises, and the statute of limitations begins to run, when the arrest is made." *Id.* However, the Seventh Circuit has also cautioned that "this general approach must not be understood as a rule to be applied in every case." *Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004). The issue of "the accrual of the civil rights claims . . . is ultimately governed by the Supreme Court's decision in *Heck*." *Id.* The proper inquiry for making such a determination is whether the alleged unlawful activity can "impugn the validity of the plaintiff's conviction." *Id.; See Gauger v. Hendle*, 349 F.3d 354, 361 (7th Cir. 2003)(finding that the plaintiff's challenge of arrest "was implicitly" a challenge of the "legality of

5

his conviction, which rested crucially on the statements that he made to the police when he was questioned after being arrested."). If such is the case, then the Section 1983 claim does not accrue until the "criminal charge or conviction is set aside or dismissed. . . ." *Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004).

In the instant case, accepting as true all of Kittler's allegations, and based upon the allegations before us, we conclude that his arrest and subsequent confession were crucial to the conviction of Kittler. Thus, Kittler could not seek to challenge the arrest and confession until his conviction was overturned and he was acquitted. The Illinois appellate court's reversal merely returned the case to the trial court and Kittler again faced prosecution. Thus, his Section 1983 claim did not accrue until he was acquitted. We note that this result also serves the interest of judicial economy. If Kittler were forced to prematurely file a Section 1983 claim upon the appellate court reversal and remand to avoid the statute of limitations bar, the federal court would be left in an uncertain position. On remand, the state trial court proceedings could again result in a conviction and the federal court entertaining Kittler's Section 1983 claim would be required to dismiss the claim, lest the federal court's ruling disturb the findings of the state trial court. Therefore, we deny Sinson's motion to dismiss based upon the statute of limitations.

## II. Coerced Confession Claim Against City Defendants

The City Defendants have moved to dismiss Plaintiff's coerced confession

6

claim (Count II) and have adopted Defendant Sinson's collateral estoppel argument. The City Defendants argue that because the issue of the voluntariness of Kittler's confession was raised and litigated in a motion to suppress in the original criminal proceeding, and because the motion to suppress was denied, Kittler is collaterally estopped from arguing before this court that his confession was coerced.

The preclusive effect of a state court judgment is determined on the basis of the law of the state where the judgment was rendered. *Brokaw v. Weaver*, 305 F.3d 660, 669 (7th Cir. 2002). Under Illinois law the requirements for application of collateral estoppel are that: "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom the estoppel is asserted was a party or in privity with a party to the prior adjudication." *Bajwa v. Metropolitan Life Ins. Co.*, 804 N.E.2d 519, 532 (Ill. 2004). It is well established that federal courts can rely on collateral estoppel to bar Section 1983 Plaintiffs from relitigating issues that were resolved at criminal state court proceedings. *Anderson*, 2004 WL 626528, at *6 (citing *Allen v. McCurry*, 449 U.S. 90, 103-04 (1980)); *Williams v. Valtierra*, 2001 WL 1263495, *2 (N.D. Ill. 2001). *See also Johnson v. City of Aurora*, 1997 WL 684987, at *2 (N.D. Ill. 1997)(stating that "[t]he defense of collateral estopped, or issue preclusion, may be asserted in a § 1983 action to preclude relitigation of an issue of fact or law that was resolved in a prior criminal proceeding.").

Plaintiff argues that because the judgment of the trial court was reversed and remanded on appeal, the denial of the motion to suppress Plaintiff's confession was not a final adjudication on the merits and, therefore, collateral estoppel does not apply. However, at a state trial court suppression hearing, Kittler argued that his confession should be suppressed because it was not voluntary. (Sinson Mot Ex: E, pg. 2). The state trial court denied the motion to suppress. Kittler did not argue on appeal that his confession was coerced and the state appellate court did not address whether the confession was coerced. (Sinson Reply 10-11)(Sinson Mot Ex: A). The state appellate court found that the police lacked probable cause for the arrest and that the signed statement by Kittler was not "sufficiently attenuated from his illegal arrest to be considered purged of its taint." (Sinson Mot Ex: A, pg. 29).

Defendants rely on the Illinois Supreme Court's decision in *Illinois v. Enis* where the Court noted that "[w]here a defendant's conviction has been reversed for trial error, and the case is remanded for a new trial, the doctrine of collateral estoppel bars the relitigation of a pretrial hearing, such as motion to suppress, unless the defendant offers additional evidence or there are other special circumstances." *Illinois v. Enis*, 645 N.E.2d 856, 864 (Ill. 1994). In the instant case, the Illinois Appellate court reversed some of the trial court's findings in regards to the arrest and confession, but the appellate court did not reverse the trial court's findings regarding the voluntariness of the confession because Kittler did not choose to argue the issue on appeal. However, we cannot determine from the parties' briefs the number of

pretrial motions that were filed by Kittler pertaining to his arrest and confession. Exhibit E attached to Sinson's motion is a motion brought by Kittler in the state trial court entitled "Motion to Suppress Statements." However, Exhibit A attached to Sinson's motion is the state appellate court's decision reversing the trial court. In the appellate court decision the court only makes reference to a motion brought by Kittler entitled "Motion to Quash Arrest and Suppress Evidence." (Ex A, pg. 19). It is unclear whether there were multiple motions to suppress the statements and whether the motion to quash arrest was separate from the motion to suppress the confession. Sinson does not provide sufficient documentation to clarify matters and merely cites to Kittler's briefs in opposition to the instant motions to support Sinson's description of the state court proceedings. Without additional information we cannot properly evaluate the holding of the state appellate court. Therefore, since neither Sinson nor any of the other defendants have provided sufficient information for the proper determination on the motion to dismiss based upon collateral estoppel, we deny the motion to dismiss without prejudice.

III. Denial of Fair Trial

Defendants argue that Kittler has not alleged a proper basis for his denial of a fair trial claim (Count III). Both sides agree that the denial of a fair trial claim must fit within the confines of *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001) which provides that a plaintiff can file a Section 1983 claim based on the denial of a

fair trial. The City Defendants argue that Kittler has failed to allege that the Defendants withheld exculpatory evidence at trial, as is required under *Newsome*, for a denial of a fair trial claim. Kittler explains in his answer to the City Defendants' motion that the denial of a fair trial claim is premised solely upon the alleged fact that "Defendants fabricated and had admitted at trial photographic evidence. . . ." (Ans City Mot 10)(Compl. 48). Kittler makes it clear that he did not intend to plead a denial of a fair trial claim "based on a failure to disclose exculpatory evidence or for other reasons. . . ." (Ans City Mot 10 n.2). The only evidence that Kittler contends was fabricated evidence is the allegation that "a picture was taken of him with his mother and the soda and food by an unknown Defendant. . . ." (Compl. 32). Kittler alleges that the picture was used to "falsely prove that Plaintiff had been well treated and was confessing voluntarily in the company of his mother." (Compl. 32). Kittler argues that he can bring a denial of a fair trial claim under *Newsome* which he claims allows a denial of a fair trial claim to be based upon a fabrication of evidence by a defendant. (Ans City Mot 8).

Kittler's argument is flawed. The denial of a fair trial claim referred to in *Newsome* is based upon *Brady v. Maryland*, 373 U.S. 83 (1963). 256 F.3d at 752. In *Brady* the United States Supreme Court held that there is a constitutional due process violation if the prosecution withholds exculpatory evidence at trial. 373 U.S. at 86. *See also McCann v. Mangialardi*, 337 F.3d 782, 787 (7th Cir. 2003)(explaining that "[i]n *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10

L.Ed.2d 215 (1963), the Supreme Court held that during trial the government is constitutionally obligated to disclose evidence favorable to the defense when the evidence is material to either the guilt or punishment of the defendant."). In *Gauger v. Hendle*, the Seventh Circuit held that a *Brady* claim cannot extend to situations where the Section 1983 plaintiff was aware of the alleged misconduct involving the withholding of exculpatory evidence. 349 F.3d 354, 360 (7th Cir. 2003). In the instant case, there was no withholding of exculpatory evidence. Kittler was aware of the alleged misconduct concerning the photograph at trial when it was introduced.

Kittler attempts to recharacterize the claim as a fabrication of evidence. However, *Newsome* makes no provision for a denial of a fair trial claim based on a fabrication of evidence as Kittler suggests. In addition, even if a fabrication was a basis for a denial of a fair trial claim, there is no allegations of a fabrication of evidence in this case. Kittler does not question the authenticity of the photograph. Nor does he claim that it was a fake. Perhaps Kittler seeks to challenge testimony at trial referring to the photograph or seeks to challenge the admittance of the photograph into evidence because it misled the jury into concluding that the police treated Kittler well, but such challenges are not related to a fabrication of evidence.

Defendants, also correctly point out that the use of the photograph was directly related to the issue of whether Kittler's confession was coerced. Kittler's attempt to separate his "fabricated" evidence argument from the issue of the voluntariness of his confession is therefore unavailing. Thus, if collateral estoppel

barred Kittler from relitigating the coerced confession claim, he would also be barred from presenting the fabrication argument. Therefore, we grant the City Defendants' and Defendant Sinson's motions to dismiss the denial of a fair trial claim (Count III).

IV. Defendant Sinson's Prosecutorial Immunity

Defendant Sinson argues that in regards to his actions in connection with Kittler, Sinson acted within the scope of his authority as a Felony Review Attorney and is therefore entitled to absolute prosecutorial immunity. Prosecutors are entitled to absolute immunity from Section 1983 suits when their conduct is "intimately associated with the judicial phase of the criminal process."*Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003)(citing*Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutors enjoy broad protection and they are shielded by absolute immunity "even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence."*Id.* Prosecutors may lose their absolute immunity in cases where their actions may be characterized as investigative, rather than judicial. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Kittler claims that Sinson would not be entitled to absolute immunity under the allegations of the complaint because Sinson acted in an investigative manner when Sinson participated in the interrogation process which was employed to determine if charges should be brought against Kittler. Sinson argues that Plaintiff alleges that Sinson merely

showed up at 5 a.m. and worked with Kittler in getting his signed statement. However, we are required, for the purposes of a motion to dismiss, to accept all allegations as true and make inferences in the non-movant's favor. Under such a standard, the complaint clearly implicates Sinson as a participant in the investigation of Kittler's involvement in the armed robbery and murder. The complaint alleges that "[l]ate [in the] evening or early the following morning, Plaintiff was transferred to a 'line-up room' and eventually questioned by Defendants ASA Kent Sinson." (Compl. 28). The complaint also alleges that Sinson falsely accused Kittler of confessing to the murder before Sinson arrived and Kittler claims that when he denied making a confession, "Sinson became frustrated and screamed at Plaintiff for 'sticking to his story,' but Plaintiff continued to protest his innocence." (Compl. 29). Kittler claims that "shortly thereafter, Sinson returned with Defendant Castellanos" who allegedly proceeded to scream at Kittler because he would not confess to Sinson. (Compl. 30). Kittler alleges that "[a]t approximately 5 a.m., [he] finally agreed to sign the statement, falsely implicating himself, so that he could return home." (Compl. 31).

Sinson argues that he was not involved in the investigative aspect of the interrogation of Kittler. Sinson contends he became involved solely when he presented Kittler with the statement to sign. However, in making such arguments, Sinson challenges the veracity of some of Kittler's allegations, and Sinson seeks to have inferences drawn in his favor, whereas, at this juncture we are required to

13

accept as true Kittler's allegations and draw all reasonable inferences in Kittler's favor. *Thompson*, 300 F.3d at 753. Under such a standard, we cannot find at this juncture that there was no possibility based on the allegations that Sinson did not participate in the interrogation of Kittler in an investigative capacity. Accordingly, to the extent that Sinson acted in his role of providing legal advice to the City Defendants regarding the legality of an arrest and assisting in preparing the statement, Sinson is absolutely immune and we dismiss the claims against him. However, we deny the motion to dismiss to the extent that Sinson is alleged to have engaged in any investigatory activities. *See Thomas v. Riddle*, 673 F.Supp. 262, 264-65 (N.D. Ill. 1987)(denying motion to dismiss Section 1983 claim because the court lacked "the sufficient factual background to make the determination as to whether [the prosecutor's] participation in the interrogation was indeed investigatory, and thus protected only with a qualified immunity, or whether it was in furtherance of a decision to initiate a prosecution against [the plaintiff in the Section 1983 case.]").

## V. Section 1983 Municipal Liability

Counts I, II, and III of Plaintiff's complaint allege a Section 1983 violation against the City of Chicago. A governmental municipality cannot be held liable for Section 1983 violation unless, as the Supreme Court held in *Monell v. Department of Social Services*, "the depravation of constitutional rights is caused by a municipal

policy or custom. *Kujawski v. Board of Comm'rs. Of Bartholomew County,* 183 F3d 734, 737 (7th Cir. 1999). A local governmental policy, practice or custom can be "(1) an express policy that causes a constitutional depravation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a "custom or usage" with the force of law; or (3) an allegation that a person with final policymaking authority caused the injury."*Chortek v. City of Milwaukee,* 356 F.3d 740, 748 (7th Cir. 2004).

Plaintiff focuses his claim on the second approach. Kittler states in his complaint that the City "acting through its policies and practices and showing deliberate indifference" to the "misconduct of the individual Defendants" was "a moving force" behind his alleged injuries. (Compl. 4). The complaint also alleges that "[t]he City of Chicago deliberately abides a culture of coercion in the Chicago Police Department which permits the use of torture, threats and chicanery . . . and this culture was the moving force behind [defendants'] violations." (Compl. 4). Plaintiff also mentions that Chicago Police Officers "routinely . . . close investigations by obtaining false confessions from innocents." (Compl. 5). Although such general references and conclusions of law are rather minimal, they are sufficient to put the defendants on fair notice as to the nature of Plaintiff's allegations. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993)(indicating that courts may not apply a heightened pleading standard in civil rights actions alleging municipal liability);

15

*Conley*, 355 U.S. at 47. Therefore, we deny the City's motion to dismiss the *Monell* claim.

## CONCLUSION

Based on the foregoing analysis, we deny the City Defendants' and Sinson's motions to dismiss the complaint based upon the statute of limitations. We deny the City Defendants' motion to dismiss the coerced confession claim (Count II) without prejudice and grant the City Defendants' motion to dismiss the denial of a fair trial claim (Count III). We deny Sinson's motion to dismiss the coerced confession claim (Count II) without prejudice and grant Sinson's motion to dismiss the denial of a fair trial claim (Count III). We deny Sinson's motion to dismiss based upon absolute immunity. We deny the City's motion to dismiss the *Monell* claim.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 26, 2004