# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ERIC KITTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 6992 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' bill of costs. For the reasons stated below, we grant in part and deny in part the bill of costs.

## DISCUSSION

On January 5, 2006, the court granted Defendants' motion for summary judgment on Counts II-IV of the instant action, leaving only Count I of Plaintiff Eric Kittler's ("Kittler") complaint to be resolved. On January 11, 2006, the court granted Kittler's motion to voluntarily dismiss Count I. Defendants are now moving for $30,460.93 in costs pursuant to Federal Rule of Civil Procedure 54(d).

Federal Rule of Civil Procedure 54(d) provides that the prevailing party shall be allowed to recover costs other than attorneys' fees as a matter of course, unless a statute or other rule states otherwise or the court specifically disallows such costs. Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. § 1920 (setting forth costs that are generally recoverable). The Seventh Circuit has made it clear that in reviewing a bill of costs, the district court should keep in mind that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005); *see also Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997)(stating that "[t]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined"). In addition to making sure that the requested costs are recoverable, a district court must also ensure that the costs are reasonable. *See, e.g., Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

I. Kittler's General Objections to the Bill of Costs

Kittler raises several general objections to Defendants' bill of costs. First, Kittler argues that Defendants did not file the bill of costs in a timely manner. Under Local Rule 54.1, a prevailing party must file its bill of costs "[w]ithin 30 days of the entry of a judgment allowing costs . . . ." (L.R. 54.1). In the instant action, the

court's final entry of judgment was entered on the court's docket on January 12, 2006, and therefore the 30-day filing deadline was February 11, 2006. Defendants filed their bill of costs on February 13, 2006. Since the February 11, 2006, deadline fell on a Saturday, Defendants' filing of their bill of costs on February 13, 2006, the following Monday, was timely. *See* Fed. R. Civ. P. 6(a) (stating that "[i]n computing any period of time prescribed . . . by the local rules of any district court . . . [t]he last day of the period so computed shall be included, unless it is a Saturday [or] a Sunday, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days").

Kittler also argues that Defendants are not the prevailing parties in this action in light of the fact that Defendants did not prevail on all counts in their motion for summary judgment and that Kittler voluntarily dismissed Count I of the complaint, which led to the conclusion of the action. The Seventh Circuit has stated that "[a] dismissal without prejudice under Rule 41(a)(1)(I) does not decide the case on the merits" and that such a dismissal does not "enable[] the defendant to say that he has prevailed'" for purposes of obtaining an award of costs. *Szabo Food Service, Inc. v. Canteen Corp*., 823 F.2d 1073, 1076-77 (7ᵗʰ Cir. 1987). In addition, Federal Rule of Civil Procedure 41(a) states that "[u]nless otherwise stated in the notice of dismissal or stipulation, [a voluntary] dismissal is without prejudice . . . ." Fed. R. Civ. P. 41(a). However, the Seventh Circuit has also stated that "[a] cave-in by the defendant may support an award of fees to the plaintiff without a judicial declaration

of entitlement to relief [because] [c]apitulation or settlement is the practical equivalent of success [and that] [s]urrender by the plaintiff should be treated similarly." *Szabo Food Service, Inc.*, 823 F.2d at 1077.

In the instant action, Kittler moved to voluntarily dismiss the single remaining count in his complaint, his unlawful arrest claim in Count I, and the court granted the motion to dismiss without specifically designating whether the dismissal was with or without prejudice. However, Kittler cannot now file a new action containing the unlawful arrest claim because the two-year statute of limitations has run on his claim. *See Wallace v. City of Chicago*, 440 F.3d 421, 428 (7th Cir. 2006)(holding that "false arrest claims accrue at the time of the arrest"); *see also Williams v. Lampe,* 399 F.3d 867, 870 (7th Cir. 2005)(holding that claims brought under 42 U.S.C. § 1983 in "Illinois are . . . governed by a two-year limitations period"). Therefore, by voluntarily dismissing a claim that could not be included in a later action, Kittler surrendered his only remaining claim. Accordingly, we find that Defendants are prevailing parties.

Finally, Kittler raises two additional general objections to the bill of costs. First, Kittler argues that "[a]s the City of Chicago is the entity that actually paid the cost[,] there is no basis to award costs to the Defendants." (Resp. 5). Kittler provides no support for this argument, and we find it without merit. Second, Kittler argues that the adjudication or enforcement of the bill of costs should be stayed pending the appeal of the court's summary judgment ruling. Kittler cites two cases

in which the district court stayed enforcement of a bill of costs pending an appeal, but he does not cite any authority for staying the adjudication of a bill of costs. As we stated above, there is a presumption in favor of awarding costs to the prevailing party, and Kittler has not provided any reasons for why this presumption is not appropriate in this case. Therefore, Kittler's request to stay the adjudication of the bill of costs pending Kittler's appeal is denied. However, Defendants have agreed to stay the enforcement of the bill of costs during Kittler's appeal, and in light of Defendants' agreement we will stay the enforcement of the bill of costs pending appeal.

## II. Bill of Costs

Defendants are seeking a total of $30,460.93 in costs, including $25,202.75 in court reporter costs, $301.00 in witness fees, $666.00 in photocopying costs, and $4,291.18 in "other costs," which include certain reproduction and videotaping costs. Kittler raises a number of objections to specific costs included in the bill of costs, which we address below.

### A. Dr. Curry Deposition Transcript

Kittler objects to the $1,995.00 that Defendants seek for the deposition transcript of Dr. Curry, claiming that the rate of $9.95 per page is excessive.

Defendants explain that Dr. Curry was Kittler's expert and that they required a daily transcript in order for Defendants' expert to prepare for a deposition. The court finds the Defendants' explanation reasonable. However, under Local Rule 54.1, transcript costs cannot exceed the rates set by the Judicial Conference of the United States ("Judicial Conference"). *See* L.R. 54.1.; *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998)(stating that "the costs of [a] transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed"). Under the current rates established by the Judicial Conference, the maximum reimbursement rate for transcripts is $3.30 per page for ordinary transcripts, $4.40 per page for expedited transcripts, and $5.50 for daily transcripts. *See Goldsmith v. Murphy*, 2005 WL 442230, at *4 (N.D. Ill. 2005)(discussing Judicial Conference transcript rates). In the instant action, Defendants ordered a daily transcript of Dr. Curry's deposition, which should be taxed at $5.50 per page, and not the $9.95 per page that Defendants have requested. Therefore, we tax the 210 pages of Dr. Curry's deposition at $5.50 per page, for a total of $1,155.00.

### B. Dr. Ofshe's Deposition Transcript

Kittler objects to the $1,670.40 that Defendants seek to recover for the deposition transcript of Dr. Ofshe for the reason that Defendants failed to provide adequate documentation for the request and because Defendants have not provided

any justification for ordering an overnight transcript.  Defendants' reply brief includes documentation showing that Dr. Ofshe's deposition was 155 pages long.  However, Defendants have not provided a sufficient explanation for why an overnight transcript was necessary.  Therefore, we tax Dr. Ofshe's deposition at the rate for ordinary transcripts, which is $3.30 per page, for a total of $511.50.

### C.  Joseph Roddy's Deposition

Kittler objects to the $937.00 that Defendants seek for Joseph Roddy's deposition transcript for the reason that the rate Defendants are seeking is excessive.  Defendants state in their reply brief that they do not object to taxing the 181 pages of Joseph Roddy's deposition at $3.25 per page.  Therefore, we tax Joseph Roddy's deposition at $588.25.

### D.  Costs Associated with Dr. Welner

Kittler objects to certain costs associated with Defendants' mental examination of Kittler that was performed by Dr. Welner.  Specifically, Kittler objects to the $1,966.00 in costs for the examination room, the catered lunch, video tapes, and equipment rental.  Kittler also objects to the $1,171.65 that Defendants are seeking to recover for the cost of transcribing the videotape of the interview.  Defendants provide no case law to support these requests in their reply brief to the

bill of costs. Instead, Defendants simply state that these costs should be recoverable because Kittler's attorney took advantage of the room and the food, and because having both a videotape and a transcript was more convenient for the attorneys. However, attorney convenience is not a sufficient basis for recovering costs and none of these requested costs are recoverable under 28 U.S.C. § 1920. *See Haroco, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994)(stating that attorney convenience does not make a cost compensable). Therefore, Defendants may not recover $3,137.65 in costs related to Dr. Welner.


### E. Remaining Costs

Kittler has not raised any objections to the remaining requests in Defendants' bill of costs. The remaining requests are all recoverable costs. We also find that the remaining amounts requested are reasonable, and that Defendants have provided sufficient documentation for the costs. Therefore, we grant Defendants' remaining costs, for a total of $24,975.63 in costs.


## CONCLUSION

Based on the foregoing analysis, we grant in part and deny in part Defendants' bill of costs. Specifically, we deny Defendants' request for certain costs related to the deposition transcripts of Dr. Curry, Dr. Ofshe, and Joseph Roddy, and deny

Defendants' request for $3,137.65 in costs related to Dr. Welner. We award

Defendants $24,975.63 for court reporter costs, witness fees, photocopying and other

duplication costs. Finally, in light of Defendants' agreement, we will stay the

enforcement of the bill of costs pending appeal.


_____

Samuel Der-Yeghiayan
United States District Court Judge


Dated:  June 26, 2006